UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS ANTHONY DAY, | Case No. 2:24-cv-0137-JDP (SS) |
| Plaintiff, | |
| v. | ORDER |
| LELAND DUDEK, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 16 & 18. For the reasons discussed below, the court grants plaintiff's motion, denies the Commissioner's, and remands for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On November 20, 2020, plaintiff filed an application for SSI, alleging disability beginning November 1, 2007.[1] Administrative Record ("AR") 206-12. After his application was denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). AR 33-55, 88-91, 101-06. On December 21, 2022, the ALJ issued a decision finding plaintiff not disabled. AR 17-28. Specifically, the ALJ found that:

1. The claimant has not engaged in substantial gainful activity since November 20, 2020, the application date.

2. The claimant has the following severe impairments: autism; anxiety; and asthma.

---

[1] Plaintiff subsequently amended his disability onset date to December 20, 2020. AR 284.

> \* \* \*
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> \* \* \*
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations eroded as follows: avoid concentrated exposure to fumes, dusts, odors, gases, poorly ventilated areas, and chemicals; is limited to understanding, remembering and carrying out simple routine and repetitive tasks using judgment limited to simple work related decisions; is not able to perform at a production rate pace, meaning assembly line pace, but can perform goal or task oriented work; and interaction with coworkers and the public is occasional.
>
> \* \* \*
>
> 5. The claimant has no past relevant work.
>
> 6. The claimant was born [in] 1998 and was 21 years old, which is defined as a younger individual age 18-49, on the date the application was filed.
>
> 7. The claimant has at least a high school education.
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work.
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> \* \* \*
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since November 20, 2020, the date this application was filed.

AR 19-27 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6. He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff raises two arguments. First, he argues that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence because the ALJ improperly rejected the opinions of her consultative examiner. ECF No. 16 at 8-15. Second, he claims that the ALJ erred in discounting his subjective symptom testimony. *Id.* at 15-18. The first argument is persuasive; I find it unnecessary to consider the second.

Under the revised social security regulations, examining medical opinions are no longer entitled to the deference that they enjoyed under the prior regulations' "physician hierarchy." *See Wood v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Instead, the ALJ is to evaluate each medical opinion's persuasiveness based on (1) supportability; (2) consistency; (3) the provider's relationship with the claimant; (4) the provider's specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 416.920c(a), (c)(1)-(5). While all factors must be considered, "supportability" and "consistency" are the primary considerations. 20 C.F.R. § 416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods*, 32 F.4th at 791-92. "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792. If the ALJ rejects a medical source's opinion, the ALJ must provide "an explanation supported by substantial evidence." *Id.*

Consultative examiner Lauri Stenbeck, Psy.D., provided two opinions on plaintiff's mental limitations. Based on a comprehensive psychological evaluation performed in February 2018, Dr. Stenbeck opined that plaintiff was not significantly limited in performing simple and repetitive tasks and maintaining regular attendance. AR 306. She also concluded that plaintiff had moderate limitations in performing detailed and complex tasks; performing work activities on

a consistent basis; working without special or additional supervision; completing a workday or workweek without interruption; accepting instructions from supervisors; interacting with coworkers and the general public; and dealing with the normal stresses encountered in a competitive work environment. *Id.*

Dr. Stenbeck conducted a second psychological evaluation in February 2021. AR 365-72. At that time, Dr. Stenbeck found that plaintiff's functional capabilities had improved. Specifically, she concluded that plaintiff had mild to moderate limitations in performing work activities on a consistent basis but only mild limitations in performing detailed and complex tasks, working without special or additional supervision, completing a workday or workweek without interruption, and dealing with the normal stresses encountered in a competitive work environment.[2] AR 306. However, she also opined that plaintiff continued to have moderate limitations in accepting instructions from supervisors and interacting with coworkers and the public. AR 372.

In his decision, the ALJ gave reduced weight to both of Dr. Stenbeck's opiniont. With respect to the 2018 opinion, the ALJ found that it was not persuasive because it was based on an examination that occurred prior to plaintiff's alleged onset date. AR 26. Plaintiff alleged that his disability began on December 20, 2020, nearly three years after Dr. Stenbeck's February 2018 evaluation. AR 284, 299-306. Given that Dr. Stenbeck's initial opinion was provided well before the relevant period, the ALJ permissibly concluded that it was entitled to little weight. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."); *see also Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989) (holding that medical report that predated the period at issue was only relevant to proving that the claimant's condition had worsened since the denial of previous application for benefits); *Scavone v. O'Malley*, No. 23-35132, 2024 WL 1553695, at *2 (9th Cir. Apr. 10, 2024) (unpublished) ("The ALJ reasonably discounted Dr. Morgan's opinion because it addresses a period remote from Scavone's alleged disability onset date and was considered in a

---

[2] She again concluded that plaintiff was not significantly limited in performing simple and repetitive tasks and maintaining regular attendance. AR 372.

5

prior ALJ decision that resulted in a finding that Scavone is not disabled.").

The ALJ's consideration of Dr. Stenback's 2021 opinion, however, is more problematic. The ALJ concluded that this more recent opinion, rendered less than three months after plaintiff filed his application for SSI benefits, was "not entirely persuasive" because other evidence in the "record supports additional limitations in functioning . . . ." AR 25. Despite finding that plaintiff had greater functional limitations than those reflected in Dr. Stenbeck's opinion, the ALJ's RFC does not include some of the limitations Dr. Stenbeck assessed. Critically, the RFC contains no limitations regarding plaintiff's ability to accept instructions from supervisors, which Dr. Stenbeck found to be moderately impaired. The failure to provide an explanation for why that limitation was excluded from plaintiff's RFC constitutes harmful error. *See Bain v. Astrue*, 319 F. App'x. 543, 545-46 (9th Cir. 2009) (remanding where the ALJ failed to either discredit or incorporate the limitations enumerated by the state agency consultant, including that the opinion that claimant was moderately limited in her ability to accept instructions and respond appropriately to criticism from supervisors); *Palleschi v. Colvin*, 2016 WL 7261400, at *5 (C.D. Cal. Dec. 15, 2016) (finding that the ALJ erred by failing to adopt or provide adequate reasons for rejecting physician's opinion that claimant was moderately limited in the ability to interact with supervisors and respond to work pressure).

Relying on *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1171-73 (9th Cir. 2008), the Commissioner argues that the ALJ, by limiting plaintiff to simple routine and repetitive tasks, fully accounted for Dr. Stenbeck's opinion that plaintiff had moderate limitations in accepting instructions from supervisors. ECF No. 18 at 16. In *Stubbs-Danielson*, the Ninth Circuit held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, and pace where the assessment is consistent with restrictions identified in the medical testimony." *Id.* at 1174. In recent decisions, "the Ninth Circuit and district courts in the Ninth Circuit have held that *Stubbs-Danielson* does not control in cases where the limitations relate to functional areas other than concentration, persistence, and pace, such as social functioning and attendance." *Panziera v. Berryhill*, 2018 WL 278623, at *20 (N.D. Cal. Jan. 3, 2018) (collecting cases); *see Harrell v. Kihakazi*, No. 1:20-cv-00614-GSA, 2021 WL 4429416, *7 (E.D. Cal. Sept.

27, 2021) ("The weight of the more recent case law tends to refute the notion that a limitation to simple/routine tasks with limited public contact adequately accounts for other limitations in social interaction . . . ."); *see also Markell v. Berryhill*, No. 17-cv-00792-MEJ, 2017 WL 6316825 at *7-8 (N.D. Cal. Dec. 11, 2017) (holding that RFC limiting claimant to simple, repetitive tasks accounted for moderate impairment in concentration, persistence, and pace, but did not account for limitations in attendance or ability to interact with supervisors); *Rachel H. v. Saul*, 2020 WL 954969, *9 (D. Org. Feb. 27, 2020) ("[T]he Court finds that the ALJ committed harmful error by failing to account for [doctors'] opinion that Plaintiff is moderately limited in her ability to accept instructions and respond appropriately to criticism from supervisors because it is not a limitation that requires "capturing" or "translation," and because the ALJ's limitations on work tasks and public and co-worker interactions do not address Plaintiff's relationship with supervisors.").

Thus, the RFC's limitation to simple, routine and repetitive tasks does not account for Dr. Stenbeck's opinion that plaintiff had moderate limitation in accepting instructions from supervisors. Because the ALJ provided no explanation for why this opinion was excluded from the RFC, the ALJ's decision is not supported by substantial evidence. *See Woods*, 32 F.4th at 792 (holding that to reject a medical opinion, the ALJ must provide "an explanation supported by substantial evidence"); *Timothy B. v. Saul*, 2022 WL 181261, at *4 (N.D. Cal. Jan. 20, 2022) ("While moderate limitations in various areas of functioning are not necessarily per se disabling, the ALJ was required to either include them in the [residual functional capacity] or explicitly reject those portions of the doctors' opinions with reasoned explanations.") (citations omitted). Accordingly, remand for further proceedings is warranted. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 16, is GRANTED.

2. The Commissioner's cross-motion for summary judgment, ECF No. 18, is DENIED.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated:   March 25, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE